GEORGE v. HOWARD ET AL.

1. **Promissory Note:** REFORMATION OF: EVIDENCE CONSIDERED. Evidence considered and held insufficient· to establish a mistake in a promissory note, such as would warrant its reformation.

*Appeal from Mahaska Circuit Court.*

WEDNESDAY, OCTOBER 19.

ACTION on a promissory note payable one year after date, to the order of M. R. George, and by him assigned to the plaintiff. The defendant pleaded the consideration of the note was certain real estate sold by the payee to one of the defendants, and that the purchase money was to be paid in wood at two dollars and fifty cents per cord; that defendant G. W. Howard agreed to become surety for the per-

formance of said contract; that if said defendants had known the note was not payable in wood they would not have signed it; that after it was signed, and before delivery, they caused said note to be read, and then ascertaining it was payable in money they both repudiated it, and stated they would not be bound thereby, whereupon the payee by artifice, force, and stealth, obtained possession of said note. The relief asked was that the cancelation of the note be decreed, or the same reformed so that it should be made payable in wood, in accordance with the contract. It was not claimed by the plaintiff the note had been assigned to him before due without notice of equities. Trial to the court, judgment for the plaintiff, and defendants appeal.

*F. M. Davenport*, for appellants.

*John F. Lacey*, for appellee.

SEEVERS, J.—Errors have been assigned, in substance that the finding of the court was against the evidence. Counsel for the appellants say: "There is a conflict of evidence as to the real transaction at the time of the trade as to how the land should be paid for." An examination of the evidence satisfies us this concession is correct. We cannot, therefore, under the settled practice of the court reverse on the errors assigned if this should be regarded as an action at law.

There are doubts whether there can be a trial anew, because of the insufficiency of the certificate of the trial judge; but it will be so regarded. We have therefore examined the evidence, and therefrom conclude the defendants have failed to establish by a preponderance of the evidence the note should have been drawn payable in wood. As to the allegation that possession of the note was obtained by artifice, fraud or stealth, the preponderance is with the plaintiff. We do not deem it necessary to set out the evidence at length. Such is not our usual practice. It is sufficient to say that we regard the fact that the defendants, knowing the note was ·payable

in money, took possession of the real estate and used it as their own, as being a controlling circumstance which strongly corroborates the evidence of the plaintiff. It must be remembered the burden is on the defendants, and he who seeks to reform a written instrument should show clearly it had been executed through fraud or by mistake.

George Howard testified he saw the plaintiff in Missouri, and informed him the wood had been delivered in town as the contract required, and thereupon the plaintiff gave him an order for the note which was then in the hands of Walton, in Iowa. That such an order was given is admitted, and appellants rely greatly on this fact. The plaintiff testifies Howard came to see him in Missouri, and promised to pay certain money to Walton and others for the plaintiff, and send him a span of mules in payment of the note, and thereupon the order was given.

It is said it is unreasonable to suppose the plaintiff would give the order upon the promise of Howard to pay the money and deliver the mules. This may be so; but it is equally strange he would rely on what Howard said as to the wood having been delivered. We are therefore unable to say the giving the order is a controlling circumstance.

It is said the payee of the note admitted on more than one occasion the land was to be paid for in wood. And such may have been the contract. For the payee admits he agreed to take his pay in wood if the same was delivered at a time and place named. The note, however, is the best evidence of what the contract was, and the agreement may have been the land should be paid for in wood, and yet no mistake made in drafting the note; and we think this must be so or the defendants would not have taken possession of the land, knowing the note was payable in money.

AFFIRMED.